Good morning. May it please the court. I'm Daniel. Good to see you again. I see you judge and the other members of the panel for that matter. I am here for Mr. Collins and we have a single issue in this case and it is this the government breached the plea agreement in this case by not informing the district court of Mr. Collins is cooperation like paragraph 11 the agreement that's at record 575 required the government to do and as a consequence, my client should be allowed to withdraw his plea haven't helped me for giving a checklist, but I'm going to give a short one here and it is. And it is simple enough. There is an air here that is playing under Santa Bella Navarro Diaz because the government did not inform the government or excuse me government did not from the district court of my clients cooperation as it was required to do so those cases support our claim on the first of the plane air factors as for the first two factors as for the third factor, a breach of the plea agreement violates due process and pocket is a Supreme Court case that is squarely in our corner on this as for the fourth plane air factor. Excuse me, Mr. I've had a glitch there I missed which case you were referring to Supreme Court's pocket decision, your honor, and it's. Yeah, so those are the first. You're welcome. Those are the first three plane air factors. The fourth one, we cited Lizzie in our opening brief we continue to rely on at 166 at third at 901. And it is a case that talks about the impact that such a breach is this would have on the public perception of the integrity and fairness of the judicial proceeding. Cases in criminal courts now in federal criminal cases, they are resolved by and large through plea agreements, so the government cannot breach plea agreements without consequence. And it's not an answer to say that a breach, if it's technical or if it's trivial doesn't allow for a claim of relief, because this court's jurisprudence is to the contrary. And so, as we see it, the government's breach here is plain, it is obvious that the agreement required the government to tell the district district court of my clients cooperation. It is no answer to say the district court was already aware of the cooperation therefore the government didn't have to up and hold its end of the bargain. The government had a specific duty regardless of anything the district court knows because the government's imprimatur when it comes to making a sentencing recommendation carries special weight with district courts. We would love to engage in the idea that district courts pay equal attention to sentencing recommendation from the defense, but we know that they pay special attention to the government's recommendation district courts just do. And the government conflates and just say district court just do and let it go with that. I'm not sure that that's entirely correct, but go ahead. Okay. The jurisprudence of this court has acknowledged that the judges and the district court level pay specific attention and give greater weight. That's the only reason I say that it's not to disparage district courts, but it's in part because of 5k 1.1 judge. And so, we are habituated to an idea that under the guidelines on the prosecutors have special knowledge, and therefore, their assessment of cooperation means more. And it's as simple as that. So when the government here conflates it's 5k one obligations with its duties under the agreement. I think that's where they have gotten off track. So, my client wasn't entitled to a 5k one, but that did not mean that the government no longer had an obligation under paragraph 11 of the agreement to inform the district court of my clients cooperation. Is it correct? Is it correct that Mr. Collins got the statutory minimum sentence available in this case? Yes, it is. And so, that would be the undoing. Where do we find the prejudice? Oh, yes, because yeah, so that is typically the undoing of claims of this type, but my client's not challenging his sentence. He would like to withdraw his plea. He made an effort steadily to withdraw his plea in this case. And when the breach occurs here, it's an election of remedies. My client is not challenging the length of the sentence such that he wants a remand for resentencing. He would like to withdraw his guilty plea and proceed to trial. So, that's a different type of error than other cases where the court has been able to deny the claim for relief. After getting the legally available minimum sentence, he wants to go to trial. Okay. Yes, it may not be a wise decision, Your Honor, but it is one that he consistently sought for himself and he would like again to challenge this case. If this was so important to him, why wasn't this issue raised in the district court? Well, he had asked to withdraw his plea, as I recall, but he did not alert the district court to the breach. There was a discontinuity of counsel that led to this problem, and it seems that way from the record. But in any event, the failure to alert the district court simply means that we don't get de novo review. And so, we have to proceed under plain air, and I think that addresses that concern here. We have a harder task now because of the standard of review, but it isn't something that we waived. And so, I guess I should mention that for a minute. The government has argued waiver in this case, but those waiver cases are, they cannot be reconciled with Navarro and Taylor. They are cases that talk about waiver, but this court's jurisprudence has consistently, in other instances, Navarro and Taylor, talked about the ability of plain air review in a case such as this, where there's been no explicit waiver of the right to appeal, say, in the Orlando case, the government cites. So, it's important to notice that difference. And with that, unless the court has any questions, I will reserve the balance of my time for rebuttal. Thank you, Mr. Evans. Mr. Haston? Good morning, Your Honors. May it please the court, Jared Haston, and I represent the appellee, the United States of America. This court should affirm the defendant's convictions and his sentence because there was absolutely no prejudice here. The defendant pled guilty to two offenses, which carried a mandatory minimum sentence of 15 years in jail. That was actually below the advisory guidelines range in this case, and that is the sentence that Mr. Collins, the defendant, received. The defendant has brought up the fact that there's a cooperation provision in the plea agreement that required the government to advise the district court of the extent of his cooperation. But looking at the mandatory minimum here, the only way that the defendant could have received a sentence below the statutory mandatory minimum is if he provided substantial assistance and warranted a 5K1.1 motion. That didn't happen. The defendant agrees that didn't happen. Furthermore, the defendant points to a safety valve proffer that occurred prior to the plea agreement being entered in this case. And the defendant was ultimately ineligible for safety valve relief because he pled guilty to a firearm offense. That's count 20. He pled guilty to an offense that carried a mandatory consecutive five-year term of imprisonment. The district court was well aware of the fact that Mr. Collins sat for that proffer agreement. At record sites 587, Mr. Collins, less than one month after he pled guilty, filed a motion to withdraw his guilty plea. He contested the factual basis of his guilty plea in that motion withdrawal, and he also advised the court that he sat for a safety valve proffer. At record 681, Mr. Collins, a defendant, filed a motion for new counsel. Again, this is prior to sentencing. He advised the district court that he sat for a safety valve proffer. At record 758, that's the defendant's sentencing memo. He again advised the district court that he sat for the safety valve proffer. And at the PSR in paragraph 26, the PSR notes that Mr. Collins, the defendant, advised the probation officer that he sat for the safety valve proffer. And then again, it's sentencing. It's pages 10 and 13 of the sentencing transcript, which is the defendant's appendix. The defendant himself told the district court judge that he had sat for a safety valve proffer. My prejudice argument here is twofold. It was not prejudicial because the district court could not have sentenced the defendant to below 180 months in prison. He was statutorily required, that was the floor, to sentence the defendant to that term of imprisonment. And the district court was well aware of the fact that this supposed cooperation that the defendant says the government was required to advise the district court of, the district court was well aware of that fact that Mr. Collins had sat for a safety valve proffer. So your honors, there is no prejudice under plain air review. The defendant has to show prejudice in order to be entitled to relief. I also want to address the defendant's points about cooperation and the fact that there was a breach of the plea agreement. There was no breach of the plea agreement. The plea agreement required the defendant to cooperate. And if he did so, the government retained the discretion to file a motion pursuant to Guideline Section 5K1.1 to seek a sentence below the statutory minimum if the defendant's cooperation rose to substantial assistance. Mr. Haston, it sounds like you're splitting hairs pretty, pretty finely there in risking this kind of an issue with a violation where you promise to tell the court about the cooperation and then you want to split it, draw a line between a safety valve proffer and cooperation. Your honor, if I understand your question correctly, the point is that we're splitting that the government retained the ability in the plea agreement to advise the district court of cooperation in the government's assessment. Mr. Haston, it was not an ability. It was an obligation, correct? That's correct, your honor. Okay, so let's not talk about the government's option or ability to advise the government, the court. It had an obligation. And you're telling us that when the government promises to tell about cooperation, it gets to decide what counts? It obviously gets to decide what counts for purposes of 5K1 or advising the court about what ought to qualify for a safety valve in an appropriate case. But you've got an obligation to disclose at least what the defendant tried to do, obviously with a lot of problems in this case. But I'm troubled by the argument that there was no breach here. Your honor, the government retains the ability in the plea agreement. It has the obligation, yes, to advise the district court of the defendant's efforts at cooperation. But the government also has a discretion to determine what constitutes cooperation. But there's nothing that precludes the defendant at sentencing from disagreeing with the government's assessment that certain behavior or activity constituted cooperation. And to disagree with the government's assessment of what constitutes cooperation. But, again, your honor, coming back to this case, it was the government's assessment that Mr. Collins, the defendant, just he did not cooperate. By sitting for a safety valve proffer, immediately after he sat for the safety valve proffer, he did plead guilty. But less than one month later, he tried to withdraw that guilty plea. And in doing so, he contradicted the factual basis of his guilty plea. Then nine months later, in July of 2019, as the government was preparing for the trial of his co-defendants, the defendant refused to meet with the government on three separate occasions. The defendant, in this case, it was the government's assessment that even though he sat for the safety valve proffer prior to pleading guilty, he did not provide the type of information or he did not provide the type of activity that rose to the level of cooperation. And that the government was under no obligation to advise the district court of the safety valve proffer. Again, in this parallels with the prejudice argument, advise the district court of a safety valve proffer that didn't rise to the level of cooperation in this case. And it was information that didn't... Counsel, did you advise the defendant that you were not going to indicate that he cooperated? Your honor, it's in the record in the government's sentencing memorandum. The government detailed how Mr. Collins had not cooperated and how it went into specific details with respect to July of 2019. And when it was preparing... Well, that answered my question. You did indicate you were not going to indicate he cooperated, right? That's correct, your honor. It's record 759. It's the government's sentencing memorandum that was filed prior to the sentencing hearing. Thank you. And your honor, my last point that I'd like to discuss is the remedy here. That even if your honors were to find breach and your honors were to find that there was some prejudice, the remedy here would be a simple resentencing in front of a district court judge, whether it be the same district court judge or another district court judge. But it would be somewhat of an exercise in futility because the district court judge would impose the exact same sentence. The district court is bound to impose a sentence here of 180 months imprisonment based on Mr. Collins' guilty pleas. I understand Mr. Hillis' point in that he's arguing that the remedy here is actual withdrawal of the guilty plea. That's not what the case law says. The case law says in a case like this where there's a trivial breach, it's an insubstantial breach, that if you were to find that the defendant carried his burden here, the remedy would be a simple resentencing, which again would result in Mr. Collins receiving the exact same sentence. There's no basis here to let Mr. Collins withdraw from his guilty plea based on information that was disclosed to the district court and that would have had no effect on the defendant's sentence whatsoever. Your honors, unless you have any further questions, that concludes my argument. And again, I would respectfully request that you affirm the defendant's convictions and sentence. Thank you. Thank you. Mr. Hillis? There was a breach here. I'd like to begin with that. And so the government cannot reconcile what it is arguing with what was stated below in the district court. So at record 759, page 2, the government argued that my client didn't continue cooperating. And it just detailed the efforts that he made here today, the government's argument about his cooperation. So the government is, again, in our view, confusing 5K1 with its duty under the plea agreement at paragraph 11. And the two things are different. So the government can withhold the 5K1, no problem. We don't have any dispute with that. But it doesn't obviate the other point. It doesn't allow the government to fail to make good on the plea agreement. And that was the quid pro quo, that my client got the benefits of the plea agreement. Excuse me, he was enticed in the plea agreement. Ultimately, the benefit, the government is talking about prejudice by way of a resentencing and saying that this is all for naught because he's going to get the same sentence. He's gotten the lowest statutory sentence possible. And that all makes sense if the single available remedy was a resentencing. But under Sanabello, in that case law, it says the two available remedies are a resentencing or withdrawal of the guilty plea. My client is not asking for resentencing. He would like, based on the government's breach, to elect the remedy and to proceed to trial. It's as simple as that. To talk about the sentencing cases is not helpful. To talk about 5K1 is not helpful. We're talking about the plea agreement and we're talking about the election of remedies here. My client would like to go to trial. Unless the court has questions about these things, we ask that you vacate my client's convictions. Mr. Hills, did you ask for both the remedies or just for the withdrawal of the plea? In our brief, Your Honor, we've asked for the ability to withdraw the plea because we're on plain air review. Nobody argued the breach below. And so it is at this stage that we're putting forth what the requested remedy was. But, of course, nobody notified the district court of the underlying problem. The district court didn't have a chance to pass on these things. Thank you. Thank you. Happy holidays. Thank you, Mr. Hills. Thanks to both counsel and the cases taken under advisement.